UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY DIANNE BRICKEL,

                   Plaintiff,

    v.

KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

                   Defendant.[1]

No. 20-CV-11033 (KMK)

ORDER ADOPTING REPORT & RECOMMENDATION

Appearances:

Christopher James Bowes
Law Office of Christopher James Bowes, Esq.
Shoreham, NY
*Counsel for Plaintiff*

Mary Ellen Brennan
U.S. Attorney's Office
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Mary Dianne Brickel ("Plaintiff") brought this Action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant"), which denied her application for Disabled Adult Child benefits and Supplemental Security Income ("SSI"). (Compl. (Dkt. No. 1).) Before the Court is Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b). (*See* Not. of Mot. (Dkt. No. 25).)

---

     [1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi has been substituted for Andrew Saul as the Defendant in this action.

Plaintiff applied for Disabled Adult Child benefits and SSI on September 11, 2017, alleging that she had been disabled beginning at birth.  (*See* Decl. of Christopher J. Bowes ("Bowes Decl.") ¶ 4 (Dkt. No. 26).)  After her claim was administratively denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (*Id.* ¶ 5.)  On May 17 and October 16, 2019, Plaintiff appeared at two hearings held before two ALJs—ALJ John Barry and ALJ Sharda Singh, respectively.  (*See id.* ¶¶ 6–7.)  ALJ Singh issued a written decision on December 12, 2019, in which he found that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id.* ¶ 8.)  ALJ Singh's decision became the Commissioner's final decision on October 26, 2020, when the Appeals Council denied Plaintiff's request for review.  (*Id.* ¶¶ 9–10.)

On December 21, 2020, Plaintiff retained attorney Christopher J. Bowes to challenge the Commissioner's final decision in the U.S. District Court for the Southern District of New York.  (*Id.* ¶ 12 & Ex. A.)  Plaintiff engaged Mr. Bowes on a contingency fee basis and agreed to pay him a sum equivalent to 25% of any award of past-due benefits.  (*Id.*)  On December 29, 2020, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  (*See* Compl.)  The case was referred to the Honorable Andrew E. Krause.  (Order (Dkt. No 6).)  On October 19, 2021, the Parties submitted a proposed stipulation and order of remand, (*see* Proposed Stip. (Dkt. No. 17)), which was so ordered by the Court the following day, (*see* Stipulation & Order (Dkt. No. 18)).  On March 30, 2022, the Court so ordered a stipulation between the Parties awarding Plaintiff attorney's fees in the amount of $2,700.00 pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412.  (Dkt. No. 24.)

Following remand, Mr. Bowes represented Plaintiff in a second hearing before ALJ Singh, after which ALJ Singh issued a decision finding that Plaintiff was disabled as of July 10,

2015, and entitled to disability benefits on her September 11, 2017 applications. (Bowes Decl. ¶¶ 17–18.) By Notice of Award dated January 28, 2023, the Social Security Administration advised Plaintiff that she was entitled to monthly disability benefits of $890.00 as of March 2017. (*See id.* ¶ 19 & Ex. C.) The Social Security Administration withheld $12,866.78, which is 25% of Plaintiff's past due benefits, to pay a potential request for attorney's fees under 42 U.S.C. § 406(b). (*See id.* ¶¶ 20–21 & Ex. C.)

Plaintiff now seeks an award of attorney's fees equal to the total amount withheld, less the $2,700.00 in EAJA attorney's fees to which Plaintiff is entitled. (*See id.* ¶¶ 22, 42) On April 12, 2023, Judge Krause issued a thorough and well-reasoned Report and Recommendation ("R&R"), recommending that the Court grant the instant Motion in part. (*See* R&R 8–9 (Dkt. No. 31).)[2] The Parties did not file any objections to the R&R. (*See generally* Dkt.)[3]

When no objections are filed, the Court reviews a report and recommendation for clear error. *See Brito v. Comm'r of Soc. Sec.*, No. 19-CV-10631, 2022 WL 1002698, at *1 (S.D.N.Y. Mar. 30, 2022); *Bickram v. Comm'r of Soc. Sec.*, No. 18-CV-1160, 2021 WL 2665876, at *1 (S.D.N.Y. June 29, 2021); *Muniz v. Comm'r of Soc. Sec.*, No. 18-CV-8295, 2021 WL 293381, at *2 (S.D.N.Y. Jan. 28, 2021); *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010). The Court has reviewed the R&R and Plaintiff's Motion for Attorney's Fees, and finding no substantive error, clear or otherwise, adopts the R&R.

---

[2] The instant Motion was also referred to Judge Krause. (*See* Order (Dkt. No. 28).)

[3] Judge Krause provided notice that, pursuant to 28 U.S.C. § 636(b)(l) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to the R&R were due within fourteen days after being served with a copy. (R&R 9.)

3

Accordingly, it is hereby:

ORDERED that the R&R, dated April 12, 2023, is ADOPTED in its entirety.

ORDERED that Plaintiff's Motion for Attorney's Fees is GRANTED IN PART.

ORDERED that Defendant shall pay Plaintiff's counsel Christopher J. Bowes, Esq. the sum of $12,866.78.

ORDERED that counsel for Plaintiff Christopher J. Bowes, Esq. be directed to refund the previously awarded $2,700.00 in attorney's fees, under the EAJA, directly to Plaintiff.

ORDERED that the Clerk of the Court is respectfully directed to terminate the pending motions, (Dkt. Nos. 20, 25).

SO ORDERED.

Dated:  October 6, 2023
       White Plains, New York

                                                        KENNETH M. KARAS
                                                        United States District Judge